UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
THE SECRETARY OF THE U.S. DEPARTMENT
OF HOUSING AND URBAN DEVELOPMENT,

        *Plaintiff*,

   - against -

RICHMOND COUNTY PUBLIC
ADMINISTRATOR, AS ADMINISTRATOR OF
THE ESTATE OF PETER STIO DECEASED;
NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE; NEW YORK CITY
TRANSIT ADJUDICATION BUREAU; RONALD
SCHWEIZER; GERALDINE STIO; ROBERT
JOSEPH SCHWEIZER; HAZEL STIO; SARAH
STIO; PATRICIA STIO; ALICE STIO;
JAMES STIO,[1]

        *Defendants*.
----------------------------------X

**MEMORANDUM AND ORDER**
24-CV-4111(KAM)(PK)

**KIYO A. MATSUMOTO, United States District Judge:**

     The Secretary of the United States Department of Housing

and Urban Development ("HUD" or "Plaintiff") commenced this action

on June 10, 2024 to foreclose on a mortgage encumbering the

property commonly known as 299 Greencroft Avenue, Staten Island,

---

[1] The Court grants Plaintiff's request to amend the caption to remove the John and Jane Doe defendants and to dismiss them from this action. (*See* ECF No. 41-2, ¶¶ 44-46.) Whether such relief is sought pursuant to Federal Rule of Civil Procedure 12(f), 15(a), or 41(a)(1), "such relief is routinely granted in foreclosure actions." *U.S. Bank Nat'l Ass'n v 2150 Joshua's Path, LLC*, No. 13-cv-1598(DLI)(SIL), 2017 WL 4480869, at *6 (E.D.N.Y. Sept. 30, 2017) (citation omitted) (modifying caption to strike fictitious defendants); *see also Secured Asset Mgmt., LLC v. Congregation Beth Joseph Zwi Dushinsky*, No. 17-cv-5588(DLI)(CLP), 2019 WL 4861411, at *10 (E.D.N.Y. Sept. 30, 2019) (same). Moreover, the Court *sua sponte* amends the caption in the interest of justice to substitute "Alice Stio" in place of "Alice Atio," and will refer to the corresponding defendant in this action as Alice Stio. *See* 5A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1321 paras. 3-4 (4th ed. 2024).

New York 10308 ("299 Greencroft").  (*See generally* ECF No. 1 ("Complaint" or "Compl.").)[2]  The defendants in this action comprise Richmond County Public Administrator, as Administrator of the Estate of Peter Stio, New York State Department of Taxation and Finance, New York City Transit Adjudication Bureau, Ronald Schweizer, Geraldine Stio, Robert Joseph Schweizer, Hazel Stio, Sarah Stio, Patricia Stio, Alice Stio, James Stio (collectively "Defendants" and each a "Defendant").  Presently before the Court is Plaintiff's motion for entry of a default judgment of foreclosure and sale.  (ECF No. 41 ("Motion" or "Mot.").)  For the reasons set forth below, Plaintiff's Motion is GRANTED.

## BACKGROUND

The following facts are taken from the Complaint, the instant Motion, and the attached affidavits and exhibits. Plaintiff brought this action seeking to foreclose on a home equity conversion mortgage ("HECM"), also known as a reverse mortgage, encumbering 299 Greencroft.  (*See* Compl. ¶¶ 1-10.)  On or about May 15, 2012, Dorothy and Peter Stio executed a fixed rate note (the "First Note"), listing as collateral a mortgage in the amount of $577,500 (the "Mortgage"), which was later assigned to HUD. (*Id.* ¶¶ 8, 14.)  Dorothy and Peter Stio also executed and delivered

---

[2] The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1345.

a second note and collateral mortgage (the "Second Note" and "Collateral Mortgage," respectively) to HUD, with the Collateral Mortgage serving as additional security for the reverse mortgage. (*Id.* ¶¶ 11–13.) By 2019, both Dorothy and Peter Stio had passed away, which, under the term of the First and Second Notes, permitted HUD to require immediate payment in full of the principal and accrued interest. (*Id.* ¶¶ 17–22.)

On January 31, 2024, a state surrogate court appointed Richmond County as administrator of Peter Stio's estate for the limited purpose of accepting service of process in this action. (*Id.* ¶¶ 26–28; *id.* Ex. E.) More than 90 days before commencing this action on June 10, 2024, HUD individually delivered, by first class mail, notices required by Section 1304 of New York Real Property Actions and Proceedings Law ("RPAPL") to Ronald Schweizer, Geraldine Stio, Robert Joseph Schweizer, Hazel Stio, Sarah Stio, Patricia Stio, Alice Stio, James Stio. (Compl. ¶¶ 42–43; *id.* Ex. F (certified mail receipts stamped March 1, 2024).)

From July 19, 2024, until July 30, 2024, HUD requested certificates of default against all Defendants in this action on the basis that each Defendant, although duly served, had failed to plead or otherwise defend. (ECF Nos. 17–18, 21–24 & 31–35.) The Clerk of Court subsequently entered certificates of default as to each Defendant. (ECF Nos. 19–20, 27–30 & 36–40.)

HUD now moves for a default judgment of foreclosure and sale in its favor. (*See* ECF No. 41, 41-1 ("Collins Affidavit" or "Collins Aff.") ¶ 38; ECF No. 41-5 ("Proposed Judgment"), at 2-5.[3]) HUD seeks a judgment of $277,787.81 in principal, $248,967.99 in accrued interest as of February 12, 2025, $61,903.10 in mortgage insurance, and $3,137.74 in costs (for a total of $588,658.90 and $3,137.74 in costs), and seeks an order that the property at 299 Greencroft be sold in accordance with RPAPL, with the proceeds of such sale being used to, among other things, satisfy HUD's judgment. (Proposed Judgment at 2-3; ECF No. 42-1 ("Supplemental Collins Affidavit" or "Suppl. Collins Aff.") ¶ 3.) According to Plaintiff's submissions, interest has continued to accrue at a rate of $89.67 each day since February 12, 2025. (ECF No. 42-1 ("Statement of Account") at 1.) Plaintiff does not seek attorneys' fees or a deficiency judgment. (*See* Collins Aff. ¶¶ 37-38; ECF No. 41-2 ("Memorandum of Law" or "Mem.") ¶¶ 41-42.)

## LEGAL STANDARDS

### I.    Default Judgment

Under Federal Rule of Civil Procedure ("Rule") 55, a party defaults when he or she "has failed to plead or otherwise defend" a pending action. Fed. R. Civ. P. 55(a); *accord Guggenheim*

---

[3] As Plaintiff's Proposed Judgment is not paginated, pin citations refer to the pagination assigned by the Court's online CM/ECF system.

*Cap., LLC v. Birnbaum*, 722 F.3d 444, 454 (2d Cir. 2013). Entry of default against a defendant does not, however, automatically entitle a plaintiff to an entry of a default judgment. *Bricklayers and Allied Craftworkers Local 2 Pension Fund v. Moulton Masonry & Constr., LLC,* 779 F.3d 182, 187 (2d Cir. 2015). Rather, the court may enter a default judgment on a plaintiff's motion "if liability is established as a matter of law when the factual allegations of the complaint are taken as true." *Id.* (citing *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011)).

"[A] default is an admission of all well-pleaded allegations against the defaulting party." *SEC v. Amerindo Inv. Advisors*, 639 F. App'x 752, 754 (2d Cir. 2016) (quoting *Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004)). The Court must therefore "accept as true the well-pleaded allegations in the complaint," except those relating to damages. *Trs. of Local 7 Tile Indus. Welfare Fund v. City Tile, Inc.*, No. 10-cv-322(SJ)(ALC), 2011 WL 917600, at *1 (E.D.N.Y. Feb. 18, 2011) (citing *Credit Lyonnais Sec., Inc. v. Alcantara*, 183 F.3d 151, 154-55 (2d Cir. 1999)), *report and recommendation adopted*, 2011 WL 864331 (E.D.N.Y. Mar. 10, 2011). The non-defaulting party is "entitled to all reasonable inferences from the evidence offered." *See Mun. Credit Union v. Queens Auto Mall, Inc.*, 126 F. Supp. 3d

290, 295 (E.D.N.Y. 2015) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)).

Although a defendant's default is deemed to constitute an admission of well-pleaded allegations with respect to liability, "it is not considered an admission of damages." *Bricklayers*, 779 F.3d at 189 (quoting *Cement Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc.*, 699 F.3d 230, 234 (2d Cir. 2012)). A court may conduct hearings or make referrals on a motion for default judgment, *see* Fed. R. Civ. P. 55(b)(2)(A)-(D), or it may rely on the movant's submissions if the court deems them sufficient to determine damages. *See Bricklayers*, 779 F.3d at 189 (relying on submissions by plaintiffs instead of holding hearing to reach damages determination); *see also E. Sav. Bank, FSB v. Beach*, No. 13-cv-0341(JS), 2014 WL 923151, at *9 (E.D.N.Y. Mar. 10, 2014) ("In determining damages not susceptible to simple mathematical calculations, [Rule 55(b)(2)] gives courts discretion to determine whether an evidentiary hearing is necessary or whether detailed affidavits or documentary evidence are sufficient." (citing *Cement Workers*, 699 F.3d at 234)).

## II.    Foreclosure

"A plaintiff is entitled to foreclosure . . . if it demonstrates the existence of an obligation secured by a mortgage, and a default on that obligation." *CIT Bank v. Paganos*, No. 14-

cv-3986(CBA), 2016 WL 3945343, at *1 (E.D.N.Y. July 19, 2016) (first citing *Beach*, 2014 WL 923151, at *15; and then citing *United States v. Freidus*, 769 F. Supp. 1266, 1277 (S.D.N.Y. 1991)). "Once [the] plaintiff has established its prima facie case by presenting the note, mortgage, and proof of default, the mortgagee has a presumptive right to foreclose, which can only be overcome by an affirmative showing by the mortgagor." *United Cent. Bank*, 2012 WL 5992803, at *2 (citing *Regency Sav. Bank, F.S.B. v. Merritt Park Lands Assocs.*, 139 F. Supp. 2d 462, 465–66 (S.D.N.Y. 2001)).

## DISCUSSION

### I.   Liability

Plaintiff has established liability by providing the First Note, the Mortgage, the Second Note, the Collateral Mortgage, and establishing by its well-pleaded allegations, which must be taken as true in light of Defendants' default, that Plaintiff is entitled to foreclose according to the terms of those instruments.

Each Defendant has failed to answer or otherwise defend this action despite being duly served with process, as established by sworn declarations. (*See* ECF Nos. 17–18, 21–24 & 31–35 (requests for certificates of default, each attaching a sworn declaration).) The Defendants are not infants, incompetents, or in military service. (Collins Aff. ¶ 8; Mem. ¶ 11(1).) Plaintiff has thus complied with Local Rules 55.1(a) and 55.2(a), and

certificates of default were properly entered as to each Defendant. (*See* ECF Nos. 19-20, 27-30 & 36-40 (certificates of default).)

In light of Defendants' default, the Court will "accept as true the well-pleaded allegations in the complaint," except those relating to damages, *City Tile, Inc.*, 2011 WL 917600, at *2 (citing *Alcantara*, 183 F.3d at 154-55)), construed in favor of Plaintiff, *see Mun. Credit Union*, 126 F. Supp. 3d at 295 (citing *Au Bon Pain Corp.*, 653 F.2d at 65). Under New York law, a plaintiff seeking to foreclose a mortgage that it did not originate must show evidence of "(1) the mortgage assignment, (2) the mortgage, (3) the note, and (4) the mortgage default." *ARCPE Holding, LLC v. 9Q4U5E LLC*, No. 19-cv-6417(DLI)(RER), 2021 WL 8316275, at *3 (E.D.N.Y. Aug. 11, 2021) (citations omitted), *report and recommendation adopted*, Text Order (E.D.N.Y. Sept. 7, 2021); *see also United Cent. Bank*, 2012 WL 5992803, at *2; *HUD v. Nassau Cnty. Pub. Admin. ex rel. Estate of Key*, No. 19-cv-3547(DLI)(SJB), 2023 WL 2421676, at * 3 (E.D.N.Y. Feb. 9, 2023) ("In a mortgage foreclosure action under New York law, the lender must prove the existence of an obligation secured by a mortgage, and a default on that obligation." (alteration adopted; internal quotation marks omitted; citations omitted)), *report and recommendation adopted*, Text Order (E.D.N.Y. Mar. 8, 2023).

Applying these standards, the Court concludes that the well-pleaded allegations in the Complaint establish every element required to foreclose the Mortgage. Plaintiff has shown both the existence and assignment of the First Note and Mortgage. (Compl. ¶¶ 8-9, 14-16 (allegations concerning Mortgage and assignment); *id.* Ex. C (copy of Mortgage and First Note); *id.* Ex. D (copy of Mortgage assignment).) Plaintiff has also shown the existence of the Second Note and Collateral Mortgage, to which it was the original counterparty to Dorothy and Peter Stio. (*See* Compl. ¶ 11 (allegations concerning the Collateral Mortgage and Second Note); *id.* Ex. C (copy of Collateral Mortgage and Second Note).) Finally, Plaintiff has shown mortgage default. Dorothy and Peter Stio passed away on March 5, 2018, and August 8, 2019, respectively. (*See* Compl. ¶ 18; Mot. Ex. A (certificates of death for Dorothy and Peter Stio)). The death of both Dorothy and Peter Stio provides grounds for acceleration of the debt and the right to foreclose under the terms of the First Note and Mortgage (*see* Compl. ¶¶ 17, 21-22; Mot. Ex. B, First Note ¶ 6(A) (noting lender may require immediate payment upon death of borrowers); *id.* Ex. B, Mortgage ¶¶ 9, 20 (describing foreclosure procedure and noting grounds for foreclosure include death of borrowers)), as well as under the terms of the Second Note and Collateral Mortgage (*see* Mot. Ex. C, Second Note ¶ 6(A) (noting lender may require immediate

9

payment upon death of borrowers); *id.* Ex. C, Collateral Mortgage ¶¶ 9, 20 (describing foreclosure procedure and noting grounds for foreclosure include death of borrowers)).  Moreover, non-occupancy provides a separate basis to foreclose.  (*See* Compl. ¶ 22; Mot. Ex. B, First Note ¶ 6; *id.* Ex. B, Mortgage ¶¶ 9, 20; *id.* Ex. C, Second Note ¶ 6; *id.* Ex. C, Collateral Mortgage ¶¶ 9, 20.)  A process server inspected 299 Greencroft on March 9, 2024, reporting that the property appeared vacant.  (Compl. ¶ 20; Mot. Ex. G, affidavit of attempted service).)[4]

Thus, Plaintiff has shown liability.

---

[4] Plaintiff pleads facts that demonstrate its compliance with RPAPL by individually delivering, by first class mail, notices required by RPAPL Section 1304 more than 90 days before commencing this action on June 10, 2024.  (*See* Compl. ¶¶ 42–43; *id.* Ex. F (certified mail receipts stamped March 1, 2024)); *CIT Bank N.A. v. Schiffman*, 168 N.E.3d 1138, 1141–42 (N.Y. 2021) (noting that party may establish notice was sent through evidence of actual mailing).  Even if Plaintiff had failed to comply with RPAPL Section 1304, such defect would not be jurisdictional.  *See, e.g.*, *U.S. Bank Nat'l Ass'n v. Pilkington*, 219 N.Y.S.3d 393, 394 (2d Dep't 2024) (citations omitted); *Freedom Mortg. Corp. v. Phillip*, No. 19-cv-1215(RJD)(LB), 2020 WL 9812917, at *4 (E.D.N.Y. Mar. 2, 2020) (collecting state authority), *report and recommendation adopted*, Text Order (E.D.N.Y. Apr. 8, 2020).  This Court "is bound to apply [state] law as interpreted by a state's intermediate appellate courts unless there is persuasive evidence that the state's highest court would reach a different conclusion." *Abbey Hotel Acquisition, LLC v. Nat'l Sur. Corp.*, No. 21-2609, 2022 WL 1697198, at *2 (2d Cir. May 27, 2022) (quoting *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 499 (2d Cir. 2020)).  Because the New York Court of Appeals has not "addressed whether § 1304 is properly considered on a motion for default judgment," *Freedom Mortg. Corp.*, 2020 WL 4932145, at *2 n.1, the Court finds the state authority cited above persuasive and concludes that, even if Plaintiff had failed to establish compliance with Section 1304, such failure would not preclude entry of default judgment.

## II.    Damages and Remedies

Plaintiff has also submitted sufficient evidence to establish its entitlement to monetary damages that will be satisfied through the sale of 299 Greencroft.

Although "a party's default is deemed to constitute a concession of all well-pleaded allegations of liability," it does not amount to "an admission of damages." *Ramgoolie v. Ramgoolie*, No. 22-1409, 2024 WL 4429420, at *3 (2d Cir. Oct. 7, 2024) (alteration adopted) (citation omitted).  Instead, courts must "ascertain the amount of damages with reasonable certainty, supported by an 'evidentiary basis' such as detailed affidavits and documentary evidence." *Id.* (citations omitted) (quoting *Alcantara*, 183 F.3d at 155; *Cement Workers*, 699 F.3d at 234); *see also Sette-Hughes v. Sprauve*, 663 F. App'x 10, 11 (2d Cir. 2016) ("To determine damages in the default judgment context, a district court may conduct a hearing or rely on evidence provided by the plaintiff." (citing *Bricklayers*, 779 F.3d at 189)); *House v. Kent Worldwide Mach. Works, Inc.*, 359 F. App'x 206, 207 (2d Cir. 2010) ("a hearing is not necessary when the district court relies 'upon detailed affidavits and documentary evidence, supplemented by the District Judge's personal knowledge of the record' to calculate a damage award" (quoting *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993))); *id.* at 207-08 (noting that sufficiency of

evidence to support damages should be based on "an assessment of [the evidence's] quality and relevance to the issue at hand").

Here, Plaintiff seeks a judgment of foreclosure and sale to satisfy "the entire sum under the [First] Note to be due and payable." (Mem. ¶ 33.) This sum, Plaintiff contends, amounted on February 12, 2025 to $588,658.90, comprising $277,787.81 in principal, $248,967.99 in accrued interest as of that date, and $61,903.10 in mortgage insurance premium payments. (*See* Suppl. Collins Aff. ¶ 3; *see also* Collins Aff. ¶ 2; Proposed Judgment at 2.) Plaintiff writes that the $277,787.81 in principal is the result of the lender advancing "charges and fees, such as for assessments, taxes or lien secured payments in the nature of taxes, unpaid by the borrower, in accordance with 'reverse mortgage' [*sic*] nature of the HECM program"; that the $248,967.99 in interest is the result of interest accruing "at a rate of 5.060% per annum"; and that the $61,903.10 in mortgage insurance premium payments is the result of an application of 24 C.F.R. §§ 206.27(b)(7), and 206.103–.116 and provisions of the "HUD Handbook," which result in a monthly premium rate of "1.25% of the balance" after an initial premium amount of $7,700 "was applied to the account at closing." (Suppl. Collins Aff. ¶¶ 3, 6; *see also* Collins Aff. ¶¶ 28, 31.)

Plaintiff writes that "[i]nterest is calculated monthly, and accrued interest is capitalized at the end of each month in

accordance with the Note terms." (Suppl. Collins Aff. ¶ 4; Collins Aff. ¶ 29.)   This claim is supported by the terms of the Notes. (*See* Mot. Ex. B, First Note ¶ 2; *id.* Ex. C, Second Note ¶ 2.) Interest accrues at a rate of 5.06%.   (*See* Suppl. Collins Aff. ¶ 8; Mot. Ex. B, First Note ¶ 2; *id.* Ex. C, Second Note ¶ 2.)

Plaintiff has submitted a statement of account which contains the same unpaid principal, interest, and mortgage insurance premium amounts claimed in the Supplemental Collins Affidavit ($277,787.81, $248,967.99, and $61,903.10, respectively), and notes that *per diem* interest is accruing at a rate of $89.67.   (Statement of Account at 1.)

Plaintiff seeks to obtain these sums by the foreclosure and sale of 299 Greencroft, to be conducted by a master appointed by the Court.   (*See* Proposed Judgment at 2.)   Plaintiff also seeks post-judgment interest pursuant to 28 U.S.C. § 1961(b).   (*See* Proposed Judgment at 3.)   As noted above, Plaintiff does not seek attorneys' fees or a deficiency judgment against any Defendant. (*See* Collins Aff. ¶¶ 37–38; Mem. ¶¶ 41–42; *see also* Mot. Ex. B, Mortgage ¶ 10 (prohibiting deficiency judgments to recover unpaid debt); Mot. Ex. C, Collateral Mortgage ¶ 10 (same).)

As noted above, Plaintiff has submitted two affidavits of William Collins in support of its motion.   Mr. Collins is the director of the Servicing and Loss Mitigation Division of Single

13

Family Asset Management at HUD, and he is familiar with the facts and circumstances described in his affidavits based on his personal knowledge and review of HUD's records, which would be admissible under the rules of evidence. (*See* Collins Aff. ¶ 1 (noting Mr. Collins's "review and examination of the records maintained by Plaintiff in the regular course of business" that "were made at or near the time of the events described therein" by "a person with knowledge of the events described therein"; "kept in the ordinary course of the regularly conducted business activity"; and that "it is the regular practice of [HUD] to make and keep such business records"); Supp. Collins. Aff. ¶ 1 (same)); Fed. R. Evid. 803(6) (exception to rule against hearsay for records of a regularly conducted business activity); *see also* Fed. R. Evid. 803(8)(A)(ii) (exception to rule against hearsay for records of a public office setting out a matter observed while under a legal duty to report). Mr. Collins's affidavits show the specific amounts owed as of February 12, 2025, including $277,787.81 in principal, $248,967.99 in accrued interest as of that date, *per diem* interest accruing at a rate of $89.67, and a mortgage insurance premium of $61,903.10. (Suppl. Collins Aff. ¶¶ 1, 3; Statement of Account at 1.)

The Court finds that Plaintiff is entitled to the above amounts under the terms of the Notes and Mortgages, which shall be satisfied through foreclosure sale of 299 Greencroft. *See, e.g.,*

14

*Wilmington PT Corp. v. Bonilla*, No. 19-cv-2684(DLI)(ST), 2021 WL 7908030, at *6 (E.D.N.Y. Aug. 19, 2021) ("Plaintiff has established its right to foreclose on the Property due to Borrowers' default on the Mortgage and Note.  Accordingly, this Court respectfully recommends that the Property be foreclosed and sold and that the proceeds be applied to the total amount owed on the Note."), *report and recommendation adopted*, Text Order (E.D.N.Y. Sept. 8, 2021).

Plaintiff also requests that the Court award $3,137.74 in costs, reflecting the expenditure of $36.05 for the filing of the notice of pendency, $571.59 for conducting a title search, and $2,530.10 for service of process. (*See* ECF No. 41-4 (bill of costs); ECF No. 41-13, Mot. Ex. H (notice of pendency); *id.* Ex. I (title search invoices); *id.* Ex. J (service of process invoice).) "A plaintiff in a foreclosure action may recover . . . costs against a borrower-defendant if the note or mortgage provides for such an award." *U.S. Bank Nat'l Ass'n v. Swezey*, No. 20-cv-91(FB)(RLM), 2022 WL 1422841, at *10 (E.D.N.Y. Mar. 24, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 2390989 (E.D.N.Y. July 1, 2022).  Here, the Notes and Mortgages provide for the recovery of costs. (Mot. Ex. B, First Note ¶ 6(C) ("the debt enforced through sale of the Property may include costs and expenses . . . for enforcing this Note"); *id.* Ex. C, Second Note ¶ 6(C) ("the debt enforced through sale of the Property may

15

include costs and expenses . . . for enforcing this Note to the extent not prohibited by law"); *id.* Ex. B, Mortgage ¶ 20 ("Lender shall be entitled to collect all expenses incurred in pursuing [foreclosure]."); *id.* Ex. C, Collateral Mortgage ¶ 20 (same).) The Court finds that the costs sought by Plaintiff are documented and reasonable, and therefore awards the requested amounts for the filing of the notice of pendency, conducting a title search, and service of process, totaling $3,137.74. *See, e.g.*, *E. Sav. Bank, FSB v. Whyte*, No. 13-cv-6111(CBA)(LB), 2015 WL 790036, at *9 (E.D.N.Y. Feb. 24, 2015) (awarding $3,205.59 in fees associated with litigating foreclosure action (citation omitted)); *Blue Castle (Cayman) Ltd. v. Astudillo*, No. 23-cv-3851(LDH)(PK), 2024 WL 3813309, at *8 (E.D.N.Y. July 26, 2024) (awarding $3,325.00 (citations omitted)), *report and recommendation adopted*, Text Order (E.D.N.Y. Sept. 27, 2024).

Plaintiff also requests that the Court appoint Andrea S. Ferrante, Esq., to conduct the foreclosure sale of 299 Greencroft for a fee of $750.00, to be deducted from the proceeds of the sale. (Mem. ¶ 43; Proposed Judgment at 2.) "Courts routinely appoint referees to effectuate the sale of foreclosed properties." *HUD v. Rhodie ex rel. Lornice Rhodie Revocable Living Tr.*, No. 21-cv-3165(KAM), 2022 WL 3213048, at *5 (E.D.N.Y. Aug. 9, 2022) (quoting *Winward Bora, LLC v. Castiglione*, No. 17-cv-1766(LDH)(ST), 2019 WL

2435670, at *5 (E.D.N.Y. Jan. 10, 2019), *report and recommendation adopted*, Text Order (E.D.N.Y. Mar. 8, 2019)). Accordingly, the Court appoints Andrea S. Ferrante, Esq., to conduct the foreclosure sale and finds that the requested fee of $750.00 is reasonable. *See, e.g.*, *Winward Bora, LLC*, 2022 WL 875100, at *6 (approving $750.00 fee (citations omitted)).

The Court grants Plaintiff's request to deduct from the proceeds of the sale the other expenses of conducting the sale, such as advertising costs, as well as "taxes, assessments, sewer rents, water rates[,] and any charges placed upon the property by a city agency which have priority over the foreclosed mortgage." (Proposed Judgment at 3.) *See, e.g.*, *Winward Bora, LLC*, 2022 WL 875100, at *6 (approving such expenses (citations omitted)).

The Court grants Plaintiff's request for post-judgment interest pursuant to 28 U.S.C. § 1961(b) (Proposed Judgment at 3), which is mandatory in civil cases as of the date judgment is entered. *See, e.g.*, *Rhodie*, 2022 WL 3213048, at *5.

A hearing is unnecessary where the record contains a detailed affidavit and documentary evidence permitting the Court to evaluate the proposed sum and determine an award of damages. *See Tamarin*, 13 F.3d at 54; *Cement Workers*, 699 F.3d at 234-35 (affirming district court's decision to award damages without a hearing on the basis of submitted affidavit detailing damages

calculations).  The Court finds that the current record contains "detailed affidavits and documentary evidence," *House*, 359 F. App'x at 207 (quoting *Tamarin*, 13 F.3d at 54); *Ramgoolie*, 2024 WL 4429420, at *3 (quoting *Cement Workers*, 699 F.3d at 234), including multiple affidavits from a knowledgeable affiant, Mr. Collins, based on Mr. Collins's review of HUD's admissible records, and the Statement of Account for 299 Greencroft, that together support the proposed sum and permit the Court to determine an award of damages without a hearing.  *See, e.g.*, *Beach*, 2014 WL 923151, at *9–15 (awarding damages and fees without evidentiary hearing because affidavit based on records kept in the regular course of business permitted Court to evaluate proposed damages).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment is GRANTED.  The Court will separately issue a Judgment of Foreclosure and Sale.  Plaintiff is respectfully ordered to serve a copy of this Memorandum and Order and the Judgment on each Defendant and to note service on the docket.  The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

Dated:  February 27, 2025
        Brooklyn, New York

_____
**Kiyo A. Matsumoto**
United States District Judge
Eastern District of New York

18